1
2
3
4
5
6
7
8               IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10    ARTARLIO DABNEY,

11            Petitioner,                No. CIV S-10-0872 JAM CKD

12        vs.

13    D. K. SISTO,

14            Respondent.            FINDINGS & RECOMMENDATIONS

15    _____/

16            Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas

17    corpus pursuant to 28 U.S.C. § 2254.  Petitioner raises a due process challenge to the decision of

18    the California Board of Parole Hearings (hereinafter "Board") to deny him parole at his parole

19    consideration hearing held on May 25, 2007.  Respondent filed an answer on July 2, 2010, and

20    petitioner has filed a traverse.  Upon careful consideration of the record and the applicable law,

21    the undersigned will recommend that petitioner's application for habeas corpus relief be

22    dismissed.

23                        PROCEDURAL BACKGROUND

24            Petitioner was convicted in 1982 of first-degree murder with a firearm.  He is

25    serving a state prison term of twenty-five years (plus two years) to life.  (Dkt. No. 1 ("Ptn.") at 2.)

26    On May 25, 2007, at petitioner's fourth subsequent parole consideration hearing, the Board found

1   petitioner unsuitable for release and issued a two-year denial of parole.  (Dkt. No. 16 ("Ans."), Ex.

2   1, Part B at 59-69.)

3           Petitioner filed three state habeas petitions challenging the Board's 2007 decision.

4   On November 7, 2007, he filed a petition in the Santa Clara County Superior Court, which was

5   denied on the merits on February 5, 2008.  (Ans., Exs. 1, 2.)  On July 28, 2008, he filed a petition

6   in the California Court of Appeal, Sixth Appellate District, which was summarily denied on

7   August 7, 2008.  (Ans., Exs. 3, 4.)  On October 8, 2008, he filed a petition in the California

8   Supreme Court, which was summarily denied on April 15, 2009.  (Ans., Exs. 5, 6.)

9           On January 12, 2010, petitioner commenced this action by filing the instant

10   petition.  (Dkt. No. 1.)  Respondent filed an answer on July 2, 2010.  (Dkt. No. 16.)  Petitioner

11   filed a traverse on August 4, 2010.  (Dkt. No. 17.)

12                                      ANALYSIS

13   I. <u>Standards of Review Applicable to Habeas Corpus Claims</u>

14           A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of

15   some transgression of federal law binding on the state courts.  <u>See</u> <u>Peltier v. Wright</u>, 15 F.3d 860,

16   861 (9th Cir. 1993); <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing <u>Engle v.</u>

17   <u>Isaac</u>, 456 U.S. 107, 119 (1982)).  A federal writ is not available for alleged error in the

18   interpretation or application of state law.  <u>See</u> <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991);

19   <u>Park v. California</u>, 202 F.3d 1146, 1149 (9th Cir. 2000); <u>Middleton</u>, 768 F.2d at 1085.  Habeas

20   corpus cannot be utilized to try state issues <u>de</u> <u>novo</u>.  <u>Milton v. Wainwright</u>, 407 U.S. 371, 377

21   (1972).

22           This action is governed by the Antiterrorism and Effective Death Penalty Act of

23   1996 ("AEDPA").  <u>See</u> <u>Lindh v. Murphy</u>, 521 U.S. 320, 336 (1997); <u>Clark v. Murphy</u>, 331 F.3d

24   1062, 1067 (9th Cir. 2003).  Section 2254(d) sets forth the following standards for granting

25   habeas corpus relief:

26   \\\\

> An application for a writ of habeas corpus on behalf of a
> person in custody pursuant to the judgment of a State court shall
> not be granted with respect to any claim that was adjudicated on
> the merits in State court proceedings unless the adjudication of the
> claim -
>
> (1) resulted in a decision that was contrary to, or involved
> an unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in the
> State court proceeding.

See also Penry v. Johnson, 532 U.S. 782, 792-93 (2001); Williams v. Taylor, 529 U.S. 362 (2000); Lockhart v. Terhune, 250 F.3d 1223, 1229 (9th Cir. 2001).  If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims.  Delgadillo v. Woodford, 527 F.3d 919, 925 (9th Cir. 2008).  See also Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

The court looks to the last reasoned state court decision as the basis for the state court judgment.[1]  Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004).  See also Barker v. Fleming, 423 F.3d 1085, 1091 (9th Cir. 2005) ("When more than one state court has adjudicated a claim, we analyze the last reasoned decision").  If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this court may consider both decisions to ascertain the reasoning of the last decision.  Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc).  Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d).  Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003); Pirtle v. Morgan, 313 F.3d 1160, 1167

---

[1] Here, the last reasoned state court decision issued from the Santa Clara County Superior Court.  See Ans., Ex. 2.

3

(9th Cir. 2002).  When it is clear that a state court has not reached the merits of a petitioner's

claim the AEDPA's deferential standard does not apply and a federal habeas court must review

the claim de novo.  Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir. 2003).

II.  Scope of Review Applicable to Due Process Challenges to the Denial of Parole

        The Due Process Clause of the Fourteenth Amendment prohibits state action that

deprives a person of life, liberty, or property without due process of law.  A litigant alleging a

due process violation must first demonstrate that he was deprived of a liberty or property interest

protected by the Due Process Clause and then show that the procedures attendant upon the

deprivation were not constitutionally sufficient.  Kentucky Dep't of Corrections v. Thompson,

490 U.S. 454, 459-60 (1989).

        A protected liberty interest may arise from either the Due Process Clause of the

United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an

expectation or interest created by state laws or policies."  Wilkinson v. Austin,  545 U.S. 209,

221 (2005).  See also Board of Pardons v. Allen, 482 U.S. 369, 373 (1987).  The United States

Constitution does not, of its own force, create a protected liberty interest in a parole date, even

one that has been set.  Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of

Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted

person to be conditionally released before the expiration of a valid sentence.").  However, a

state's statutory scheme, if it uses mandatory language, "creates a presumption that parole release

will be granted" when or unless certain designated findings are made, and thereby gives rise to a

constitutional liberty interest.  Greenholtz, 442 U.S. at 12.  See also Allen, 482 U.S. at 376-78.

        California's parole scheme gives rise to a liberty interest in parole protected by the

federal Due Process Clause.  Pirtle v. California Bd. of Prison Terms, 611 F.3d 1015, 1020 (9th

Cir. 2010); McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002); see also Swarthout,131 S.

Ct. at 861-62 (finding the Ninth Circuit's holding in this regard to be a reasonable application of

Supreme Court authority); Pearson v. Muntz, ___F.3d___, 2011 WL 1238007, at *4 (9th Cir.

4

1   Apr. 5, 2011) ("[Swarthout v.] Cooke did not disturb our precedent that California law creates a

2   liberty interest in parole.")  In California, a prisoner is entitled to release on parole unless there is

3   "some evidence" of his or her current dangerousness.  In re Lawrence, 44 Cal.4th 1181, 1205-06,

4   1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002).

5          In Swarthout, the Supreme Court reviewed two cases in which California

6   prisoners were denied parole – in one case by the Board, and in the other by the Governor after

7   the Board had granted parole.  Swarthout, 131 S. Ct. at 860-61.  The Supreme Court noted that

8   when state law creates a liberty interest, the Due Process Clause of the Fourteenth Amendment

9   requires fair procedures, "and federal courts will review the application of those constitutionally

10  required procedures."  Id. at 862.  The Court concluded that in the parole context, however, "the

11  procedures required are minimal" and that the "Constitution does not require more" than "an

12  opportunity to be heard" and being "provided a statement of the reasons why parole was denied."

13  Id. (citing Greenholtz, 442 U.S. at 16).  The Supreme Court therefore rejected Ninth Circuit

14  decisions that went beyond these minimal procedural requirements and "reviewed the state

15  courts' decisions on the merits and concluded that they had unreasonably determined the facts in

16  light of the evidence."  Swarthout, 131 S. Ct. at 862.  In particular, the Supreme Court rejected

17  the application of the "some evidence" standard to parole decisions by the California courts as a

18  component of the federal due process standard.  Id. at 862-63.  See also Pearson, 2011 WL

19  1238007 at *4.

20  III.  Petitioner's Claim

21         Petitioner seeks federal habeas relief on the grounds that the Board's 2007

22  decision to deny him parole, the findings upon which that denial was based, and the Santa Clara

23  County Superior Court's decision to affirm the Board were not supported by "some evidence," as

24  required under California law.  However, after the Supreme Court's decision in Swarthout, it is

25  clear that the question of whether the Board reasonably applied California's "some evidence"

26  standard in a prisoner's parole hearing does not give rise to a claim for federal habeas relief.

5

1   <u>Swarthout</u>, 131 S. Ct. at 862-63; <u>see also</u> <u>Miller v. Oregon Bd. of Parole and Post-Prison</u>

2   <u>Supervision</u>, ___F.3d___, 2011 WL 1533512, at *5 (9th Cir. Apr. 25, 2011) ("The Supreme

3   Court held in [<u>Swarthout v.] Cooke</u> that in the context of parole eligibility decisions the due

4   process right is *procedural*, and entitles a prisoner to nothing more than a fair hearing and a

5   statement of reasons for a parole board's decision[.]"); <u>Roberts v. Hartley</u>, ___F.3d___, 2011 WL

6   1365811, at *3 (9th Cir. Apr. 12, 2011) (under the decision in <u>Swarthout</u>, California's parole

7   scheme creates no substantive due process rights and any procedural due process requirement is

8   met as long as the state provides an inmate seeking parole with an opportunity to be heard and a

9   statement of the reasons why parole was denied); <u>Pearson</u>, 2011 WL 1238007, at *3 (9th Cir.

10  Apr. 5, 2011) ("While the Court did not define the minimum process required by the Due Process

11  Clause for denial parole under the California system, it made clear that the Clause's requirements

12  were satisfied where the inmates 'were allowed to speak at their parole hearings and to contest

13  the evidence against them, were afforded access to their records in advance, and were notified as

14  to the reasons why parole was denied.'")

15          In this case, the habeas petition and exhibits attached thereto show that petitioner

16  was represented by counsel at his 2007 parole suitability hearing.  The record also establishes

17  that petitioner was heard at the hearing and received a statement of the reasons why the Board

18  panel decided to deny him parole.  See Ptn., Ex.C, Parts 1 and 2.  Petitioner thus received all the

19  process due him under the Constitution.  <u>Swarthout</u>, 131 S. Ct. 862; <u>see also</u> <u>Miller</u>, 2011 WL

20  1533512, at *5; <u>Roberts</u>,2011 WL 1365811, at *3; <u>Pearson</u>, 2011 WL 1238007, at *3.  His

21  petition must be dismissed.

22          Accordingly, IT IS HEREBY RECOMMENDED that:

23          1. The petition for writ of habeas corpus (Dkt. No. 1) be dismissed; and

24          2. This case be closed.

25          These findings and recommendations are submitted to the United States District

26  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

In any objections he elects to file, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant); Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc) (prisoners are required to obtain a certificate of appealability to review the denial of a habeas petition challenging an administrative decision such as the denial of parole by the parole board).

Dated: September 21, 2011

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
dabn0872.parole

7